Ying LIU, Petitioner,

v.

Alberto R. GONZALES,* Attorney General, Respondent.

No. 04–72666.

Agency No. A96–052–345.

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2005.**

Decided June 17, 2005.

---

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Dixon Wong, Apex Law Center, San Gabriel, CA, for Petitioner.

CAC–District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Le-Fevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Saul E. Greenstein, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before KLEINFELD, TASHIMA, and THOMAS, Circuit Judges.

### MEMORANDUM***

Ying Liu, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing an appeal from an immigration judge's ("IJ") decision denying her motion to reopen in absentia removal proceedings due to ineffective assistance of counsel. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, and review de novo purely legal questions including due process claims. *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003). We grant in part and deny in part the petition for review, and remand.

■ Liu's motion is properly deemed a motion to reopen. *See* 8 C.F.R. § 1003.2(c); *Iturribarria*, 321 F.3d at 894–

97. The BIA abused its discretion in finding Liu's motion barred by statutory time and number limits because Liu is entitled to equitable tolling that brings her motion within the statutory requirements. *See Iturribarria*, 321 F.3d at 897 ("This court ... recognizes equitable tolling of deadlines and numerical limits on motions to reopen ... when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence in discovering the deception, fraud, or error."); *Rodriguez–Lariz v. INS*, 282 F.3d 1218, 1224–25 (9th Cir. 2002).

■ The BIA also abused its discretion in finding that the newly presented evidence that Liu's former counsel instructed her to remain at his office was previously available. *See Iturribarria*, 321 F.3d at 895–96 (concluding that evidence of ineffective assistance was not as a practical matter discoverable until petitioner met with new counsel); *Rodriguez–Lariz*, 282 F.3d at 1225 n. 3 (concluding, in context of diligence, the BIA could not expect petitioners' fraudulent counsel to have filed an ineffective assistance claim implicating his own defective conduct).

Accordingly, we remand for the BIA to reach the merits of Liu's motion to reopen.

■ Liu contends that the IJ's failure to consider her motion as a motion to reopen violated her due process rights. This contention is unavailing because the BIA properly treated her motion as a motion to reopen. *See Halaim v. INS*, 358 F.3d 1128, 1136 (9th Cir.2004) (holding petitioner must show prejudice to prevail on due process claim).

PETITION FOR REVIEW GRANTED in part; DENIED in part; REMANDED.

---

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.